UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>HANH THI NGUYEN, et al.,<br><br>    Defendants. | Case No. 19-CV-06170-LHK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER** |

Plaintiff Scott Johnson ("Plaintiff") moves unopposed under Federal Rule of Civil Procedure 12(f) to strike Defendants Hanh Thi Nguyen, Dep Thi Nguyen, Chieu Van Le, Annie Le Nguyen, Au Thi Le, My-Dung Thi Le, Lau Van Le, and My-Ngoc Thi Le's ("Defendants") answer to Plaintiff's complaint. ECF No. 21 ("Mot.").[1] Having considered Plaintiff's submission, the relevant law, and the record in this case, the Court DENIES Plaintiff's motion.

**I.    BACKGROUND**

  **A. Procedural Background**

On September 30, 2019, Plaintiff filed a complaint in the instant case, alleging violations

---

[1] The parties stipulated to dismiss Defendant O'Reilly Auto Enterprises, LLC on October 5, 2020. ECF No. 27.

1

Case No. 19-CV-06170-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER

of the Americans with Disabilities Act and the Unruh Civil Rights Act. ECF No. 1, at 6–7 ("Compl."). Defendants filed an answer on October 22, 2019. ECF No. 12. Defendant O'Reilly Auto Enterprises, LLC filed a separate answer on October 25, 2019. ECF No. 13. On February 25, 2020, Plaintiff filed a notice of need for mediation. ECF No. 17. The same day the Court referred the parties to mediation. ECF No. 18. The deadline to complete mediation was May 26, 2020. *Id.* On March 10, 2020, the Court's ADR Clerk filed a notice appointing Claudia Lead as mediator. ECF No. 18. On April 21, 2020, that appointment was vacated. ECF No. 19. On May 11, 2020, Anne M. Lawlor Goyette was appointed as mediator. ECF No. 20. On July 17, 2020, Plaintiff filed the instant motion. ECF No. 21. On July 27, 2020, the mediation was scheduled for August 3, 2020. On August 3, 2020, a mediation session was held, and the case settled as to Defendant O'Reilly Auto Enterprises, LLC. ECF No. 24. The docket notes that "Defendant Nguyen" did not participate in the mediation session. *Id.*

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Plate Anchor Bolt., Inc. v. IHL, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

### III. DISCUSSION

**A. Plaintiff Has Failed to Provide Any Sufficient Arguments in Support of 12(f) Motion**

Plaintiff has failed to identify any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" in Defendants' answer. Fed. R. Civ. P. 12(f). Moreover, Plaintiff has failed entirely to refer to the content of Defendants' answer. Instead, Plaintiff has provided a block quote regarding the procedural requirements for mediation from the District's General Order No. 56 (7), which governs Americans with Disabilities Act access litigation in the Northern District of California. Compl. at 3. Plaintiff then states "Defendants even after being contacted several times for setting up a GO 56 mediation conference has refused to participate in it and comply with GO 56 requirements." *Id.* at 3. That is the entirety of Plaintiff's argument.

Plaintiff has also failed to identify any authority that would support striking Defendants' answer for failure to timely comply with the mediation requirement under General Order 56. The Court notes that an answer may be stricken if defendants fail consistently to defend themselves during litigation. *See, e.g.*, *Garis v. Gypsum Resources Materials*, LLC, 2017 WL 7518924 (N.D. Cal. Nov. 22, 2017) (recognizing that a court may strike an answer after defendants repeatedly fail to participate in a case); *Microsoft Corp. v. Marturano*, 2009 WL 1530040, at *2, 6 (E.D. Cal. May 27, 2009) (same). However, Plaintiff has failed to provide sufficient evidence that Defendants meet that standard here. The Court notes that a new mediator was assigned to this case on May 11, 2020, only 15 days before the May 26, 2020 mediation deadline. At no point did Plaintiff communicate to the Court that Plaintiff was unable to schedule a mediation session with Defendants, and Plaintiff took no action to address these alleged scheduling delays until the instant motion. Finally, the Court notes that a mediation session was eventually held on August 3, 2020. ECF No. 24. The Court therefore declines to exercise its discretionary authority to grant Plaintiff's motion to strike.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to strike Defendants' answer.

**IT IS SO ORDERED.**

Dated: December 21, 2020

_____
LUCY H. KOH
United States District Judge